IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KERSTI MARKEY,<br><br>                  Plaintiff,<br><br>vs.<br><br>BAC HOME LOAN SERVICING, LP, a subsidiary of Bank of America, N.A.; RECONTRUST COMPANY, N.A., and JOHN DOES 1 through 10,<br><br>                  Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:11-cv-00305 DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendants ReconTrust Company, N.A. and BAC Home Loans Servicing, LP's Motion to Dismiss Plaintiff Kersti Markey's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Motion to Dismiss is fully briefed and neither party has requested a hearing. The court does not believe that a hearing would significantly aid it in its determination of this motion. Having fully considered the motion, memoranda, and other materials submitted by the parties and the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

## BACKGROUND

      Because this is a motion to dismiss, the court takes the following statement of facts from the Plaintiff's First Amended Complaint. Plaintiff Kersti Markey is an individual who resides in Salt Lake County, Utah. Defendant ReconTrust Company, N.A. (ReconTrust) is a debt collector

1

and the current Trustee of the Deed of Trust signed by Markey. Defendant BAC Home Loans Servicing, LP (BAC) is a subsidiary of Bank of America, which serviced Markey's loan.

On October 9, 2007, Markey executed a Utah Deed of Trust (Trust Deed) for a loan, in the amount of $202,000.00, to purchase a property in West Jordan, Utah, as a residence for her and her four children. Markey entered into the lending transaction with EverBank, and the Trust Deed named Mortgage Electronic Registration Systems (MERS) as the beneficiary and First American Title Insurance Agency as the Trustee. On July 14, 2010, the beneficial interest in the Trust Deed was assigned to BAC, and ReconTrust was appointed successor Trustee of the Trust Deed. BAC remains the current holder of the beneficial interest, and ReconTrust remains the current Trustee.

From December 2007 through October 2008, Markey's monthly payments under the loan were $1,485.56. Markey was current in all of the payments on the loan from December 2007 through July 2008. However, on October 15, 2008, MERS recorded a Notice of Default for Markey's failure to make mortgage payments from July 2008 through October 2008. By October 2008, Markey had made payments totaling approximately $19,650.76, which was $3,602.86 in excess of the amount owed for the monthly mortgage payments to that time.

From January 2009 through March 2010, Markey's monthly payments under the loan were $1,936.02. From January 2009 through July 2009, Markey made payments of approximately $15,298.68, even though the amount due for these months was only $10,798.50. However, from August 2009 through January 2010, Markey only made payments of approximately $2,600.00 on the loan, and Markey only added $4,200.00 in payments between February 5, 2010, and March 8, 2010, which included one mortgage catch-up payment.

On March 11, 2010, MERS filed a Cancellation of Notice of Default. On March 30, 2010, BAC sent Markey an account statement showing an outstanding balance of $11,772.48 in delinquent loan payments, but the statement failed to credit the $4,200.00 in payments that Markey made to BAC in February and March.

Due to Markey's delinquent loan payments during the months of August 2009 through July 2010, ReconTrust recorded another Notice of Default on the property on July 14, 2010. Under this second Notice of Default, the property was scheduled for sale on February 7, 2011. Although the property has not yet been sold, ReconTrust continues to claim that the property is in default and is subject to imminent foreclosure.

Markey brought this action for failure of the Defendants to treat the loan as reinstated after the cancellation of the first Notice of Default and for negligence regarding Defendants' execution of their duty to Markey and their administration of the loan. Defendants now move to dismiss Markey's Amended Complaint.

## DISCUSSION

Defendants BAC and ReconTrust move to dismiss Plaintiff Kersti Markey's Amended Complaint. Markey's Amended Complaint contains the following three causes of action: (1) Failure to Reinstate the Loan, (2) Negligence by Defendant ReconTrust, and (3) Negligent Loan Administration by Defendant BAC.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the" non-moving party, *Russell v. U.S.*, 551 F.3d 1174, 1178 (10th Cir. 2008) (*quoting Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008)),

and a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim for relief that is plausible on its face," *Bell Atl. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007). This is in harmony with the general pleading standard in the Federal Rules of Civil Procedure, which only requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555.

Since Defendants have moved to dismiss all three of Markey's causes of action, the court will first address the cause of action regarding the failure to reinstate the loan and then will address both negligence causes of action together.

## I. FAILURE TO REINSTATE THE LOAN

Markey's First Cause of Action claims that Defendants failed to reinstate the loan after the cancellation of the Notice of Default as required by section 57-1-31 of the Utah Code. Defendants move to dismiss this cause of action because section 57-1-31 only applies when a borrower cures his or her default, which is not the case here. For the reasons stated below, the court agrees with Defendants that section 57-1-31 does not apply to the Cancellation of Notice of Default on Markey's property and dismisses Markey's First Cause of Action with prejudice.

Section 57-1-31 of the Utah Code states, in relevant part, as follows:

> (1) Whenever all or a portion of the principal sum of any obligation secured by a trust deed has, prior to the maturity date fixed in the obligation, become due . . . the trustor . . . at any time within three months of the filing for record of notice of default under the trust deed, if the power of sale is to be exercised, may pay to the beneficiary or the beneficiary's successor in interest the entire amount then due under the terms of the trust deed . . . other than that portion of the principal as would not then be due had no default occurred, and thereby cure the existing default. After the beneficiary or beneficiary's successor in interest has been paid and the default cured, the obligation and trust deed shall be reinstated as if no

4

> acceleration had occurred.
>
> (2) If the default is cured and the trust deed reinstated in the manner provided in Subsection (1), . . . the trustee shall execute, acknowledge, and deliver a cancellation of the recorded notice of default under the trust deed.

Utah Code Ann. § 57-1-31 (West 2011). In summary, section 57-1-31 provides all borrowers with three months in which to cure defaults on their loans after a notice of default has been filed by paying the entire amount due to that point under the terms of the trust deed. If the default is cured, the section also requires that the trust deed shall be reinstated and that the trustee shall execute a cancellation of the notice of default.

In addition to curing a default by paying the entire amount due under a trust deed, a default can also be cured if the parties to the trust deed "mutually agree[] to settle a default and treat it as cured for a lesser amount." *Progressive Acquisition, Inc. v. Lytle*, 806 P.2d 239, 241 n.2 (Utah Ct. App. 1991). In the presence of such a mutual agreement, the requirements of section 57-1-31 that the trust deed be reinstated and that the trustee execute a cancellation of the notice of default would still apply.

The use of the term "reinstatement" in the statute has been interpreted by the Utah Court of Appeals to mean "the parties are returned to their former status as if the default had never occurred." *Id.* at 242 n.3. After reinstatement, the borrower may resume the regular monthly payments, and the beneficiary must begin new foreclosure proceedings if the borrower defaults again. *Id.*

In the present case, Markey admits to delinquent payments and does not dispute that the recording of the first Notice of Default was proper. However, Markey alleges that the cancellation of the first Notice of Default required MERS to reinstate the loan

and to forgive all past-due amounts because "MERS apparently accepted" the payments made after the Notice of Default was recorded "as curing the default." Compl. ¶ 15, at 7. Markey's only fact in support of MERS's apparent acceptance of the payments as curing the default is MERS's filing of the Cancellation of Notice of Default. *Id.* Essentially, Markey argues that a notice of default can *only* be cancelled if the default is cured or if the parties mutually agree to settle the default and treat it as cured.

The language of section 57-1-31 requires that if the default is cured, then the notice of default must be cancelled. However, the statute's plain language does not require that if the notice of default is cancelled, then the default must be cured or must be treated as cured. The court, therefore, rejects Markey's argument.

There may be instances in which a beneficiary or trustee of a loan wishes to cancel a notice of default even though the default has not been cured and no mutual agreement has been reached between the parties. Nothing in the language of the statute requires the default to be treated as cured if the notice of default is cancelled, and the court is unwilling to read such a requirement into the statute. A beneficiary or a trustee of a trust deed may cancel a notice of default, for whatever reason, without being forced to treat the default as cured. The statute states that it only applies when the entire amount due under the trust deed is paid or when the parties mutually agree to treat the default as cured.

Markey's allegation that MERS "apparently accepted" payments as curing the default because MERS cancelled the Notice of Default does not plausibly allege that MERS entered into a mutual agreement to settle the default or to treat it as cured. Markey received an account statement shortly after MERS cancelled the Notice of

6

Default showing an outstanding balance of over $11,000.00 in delinquent payments. Since this statement still recognized delinquent payments on the loan, MERS did not agree to treat the default as cured. Accordingly, there is no plausible basis for the assertion that a mutual agreement existed between Markey and MERS to settle the default. A mutual agreement to treat a default as cured cannot be implied by only a cancellation of a notice of default.

Because Markey has failed to state a claim for relief that is plausible on its face regarding Defendants' failure to reinstate the loan, Markey's First Cause of Action is dismissed with prejudice.

## II. NEGLIGENCE CLAIMS

Markey's Second and Third Causes of Action claim that Defendants were negligent either in their performance of their duties as trustee, in the case of ReconTrust, or in their administration of the loan, in the case of BAC, because both ReconTrust and BAC failed to treat the loan as reinstated after the Notice of Default was cancelled. Since the court has already concluded that the loan did not need to be reinstated pursuant to section 57-1-31 of the Utah Code, Defendants were not negligent in refusing to treat the loan as reinstated. Therefore, the court also dismisses Markey's negligence causes of action with prejudice.

Therefore, the court dismisses Markey's Amended Complaint in its entirety.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Amended Complaint is DISMISSED with prejudice.

DATED this 9th day of June, 2011.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge